# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2033

_____

| | | |
|---|---|---|
| Matthew Joseph Sikora, Jr., | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Frank X. Hopkins, Warden, in his | * | |
| individual and official capacity; | * | |
| Nebraska State Penitentiary; Joel | * | |
| Staley, "D" Unit Manager, in his | * | Appeal from the United States |
| individual and official capacity; Phil | * | District Court for the |
| Jefferson, Mental Health Staff | * | District of Nebraska |
| Personnel, in his individual and | * | |
| official capacity; Rick Hargreaves, | * | [UNPUBLISHED] |
| Mental Health Staff Personnel, in his | * | |
| individual and official capacity; John | * | |
| Does, in their individual and official | * | |
| capacities; Unknown Williams, | * | |
| "Buddy"; Tim Knight, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: September 8, 1998

Filed: October 23, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

PER CURIAM.

Matthew Joseph Sikora, Jr., appeals from a final order entered in the United States District Court[1] for the District of Nebraska, dismissing his 42 U.S.C. § 1983 complaint, asserting constitutional violations and a state law tort claim. For the reasons discussed below, we affirm, but amend the dismissal of the state law property-damage claim to be without prejudice.

Sikora, formerly a Nebraska prisoner, alleged that prison officials conspired to violate his constitutional rights, denied him access to the courts, harassed him, and discriminated against him; he also claimed defendants violated state tort law by using a foreign device or equipment to "encapsulate his body in a static-magnetic pressure field to track, monitor, harass, and stalk him on a continual daily basis," and by damaging and destroying certain personal property. The district court dismissed Sikora's in forma pauperis complaint pursuant to 28 U.S.C. § 1915(e).

We agree that Sikora failed to state an access-to-courts claim because he failed to allege actual harm, see Lewis v. Casey, 518 U.S. 343, 351 (1996); Myers v. Hundley, 101 F.3d 542, 544-45 (8th Cir. 1996), and that Sikora's claim of bodily injury by defendants' use of a "foreign device or equipment" is frivolous.

To the extent Sikora alleged defendants destroyed his personal property, we conclude such state law claim is not frivolous. See Neb. Rev. Stat. §§ 81-8,209 to 81-8,235 (1996). Because the claims over which the district court had original jurisdiction were properly dismissed, and the district court may decline to exercise

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, adopting the report and recommendations of the Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

supplemental jurisdiction over the pendent state claim, <u>see</u> 28 U.S.C. § 1367(c)(3), we amend the dismissal of the property-destruction claim to be without prejudice.

Accordingly, we affirm but amend the dismissal of the property-destruction claim to be without prejudice.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT